**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 3:11-CV-521-H**

DERRICK E. POWELL                                                                                             PLAINTIFF

V.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                                DEFENDANT

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

The plaintiff, Derrick E. Powell, filed this action pursuant to 42 U.S.C. §405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for supplemental security income benefits (docket no. 1). At issue is whether the Appeals Council lacked jurisdiction to vacate its own order of remand. After reviewing the parties' submissions (docket nos. 1, 11, 15) and the administrative record (docket nos. 9 and 16), the magistrate judge recommends that the district court affirm the decision of the Commissioner of Social Security.

**I. PROCEDURAL HISTORY**

Mr. Powell first applied for disability insurance and supplemental security income benefits in May 2005 and alleged he became disabled as of August 2004.[1] After his application was denied initially and on reconsideration, Mr. Powell filed a request for a hearing before an

---

[1] Admin. R. at 62-65, 309-309B. *See also* Admin. R. at 370-71 (correcting administrative errors regarding onset date).

administrative law judge ("ALJ"). The ALJ conducted the hearing in December 2006[2] and then issued a decision unfavorable to Mr. Powell on March 6, 2007.[3]

Mr. Powell timely appealed the administrative law judge's decision to the Appeals Council on March 26, 2007.[4] The Appeals Council made no decision for almost two and a half years and, when it did, made no substantive determination. Instead, on August 19, 2010, only six weeks before Mr. Powell's insured status expired, it remanded the case to the ALJ for a new hearing because the claims file had been lost.[5]

Shortly after he received notice of the remand, the ALJ sent Mr. Powell for a consultative evaluation, which was performed in January 2011.[6] He did not immediately schedule a hearing, however, and, once the Appeals Council found the original claims file, it vacated its order of remand in March 2011and reinstated plaintiff's 2007 request for administrative review.[7] Plaintiff's attorney promptly objected, and pointed out that he had attempted many times to ensure that the Appeals Council had the correct information,[8] but on July 20, 2011 – over six years after Mr. Powell first applied for benefits – it affirmed the decision of the ALJ and denied Mr. Powell's request for review.[9] He timely appealed to this court.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The only argument Mr. Powell presents to this court is whether the Appeals Council improperly vacated its remand order.[10] According to Mr. Powell, when the Appeals Council

---

[2] Admin. R. at 344-385.
[3] Admin. R. at 14-26.
[4] Admin. R. at 322.
[5] Supp. Admin. R. (docket no. 16).
[6] Admin. R. at 331-343.
[7] Admin. R. at 10.
[8] Admin. R. at 9.
[9] Admin. R. at 4-7.
[10] Although Mr. Powell states in his fact and law summary that he disagrees with three of the ALJ's determinations and asserts that "the broad issue before the Magistrate Judge is whether the decision of the Commissioner is supported by substantial evidence and whether the Administrative Law Judge (ALJ) made errors of law in applying the Social Security Administration's own rules and regulations," see Pl.'s Fact and Law Summ. at 2-

remanded the case to the ALJ in August 2010, it thereby ceded jurisdiction to the ALJ and, therefore, lacked jurisdiction to later vacate that order, particularly since a consultative medical examination ordered by the ALJ had already be completed. Mr. Powell asserts that the ordering of the examination accts as an affirmative assumption of jurisdiction by the ALJ, sufficient to "block the re-institution of jurisdiction by the Appeals Council."

The magistrate judge can find no case law, regulation, policy statement, or documented procedure that supports Mr. Powell's argument. Although he directs the court's attention to an Eleventh Circuit case, *Butterworth v. Bowen*, 796 F.2d 1379 (11th Cir. 1986), it is not binding precedent within the Sixth Circuit and the Commissioner correctly notes that it is inapposite because it dealt with the Appeals Council's ability to reopen a final decision by the ALJ, not whether it retains jurisdiction to vacate one of its own remand orders.

The Commissioner does not, however, provide the court with clear statutory, regulatory, or procedural support for its argument that the Appeals Council retained the necessary jurisdiction to act as it did in this matter. The sections of the Social Security Administration's Hearings, Appeals and Litigation Law Manual, known as HALLEX, relied upon by the Commissioner discuss only the circumstances under which an ALJ may seek clarification of an Appeals Council remand order. See HALLEX Vol. I, §§ I-2-1-85 and I-3-7-50. That is not what happened here – the Appeals Council acted on its own initiative. Nevertheless, it is Mr. Powell's burden to establish legal and factual support for his argument that there exists error sufficient to warrant remand, and he has not done that.

---

3 (docket no. 11), he does not develop those arguments, point to specific errors in the ALJ's opinion, or cite to any supporting case law. Instead, his Argument and Conclusion sections discuss only whether the Appeals Council retained jurisdiction to vacate one of its own orders. Accordingly, any substantive challenges to the ALJ's decision are deemed waived, because issues presented without some effort at developed argumentation are generally deemed waived. *Gragg v. Ky. Cabinet for Workforce Dev.,* 289 F.3d 958, 963 (6th Cir.2002).

## IV. RECOMMENDATION

The magistrate judge is not unsympathetic to the plaintiff's frustration with the manner in which the Appeals Council handled his request for review. The process of applying for social security benefits can be physically and emotionally exhausting, and an administrative agency's failure to maintain appropriate control of its records adds the additional toll of a lengthy and avoidable delay in receiving a final adjudication. The magistrate judge acknowledges that the Social Security Administration's "administrative structure and procedures, with essential determinations numbering into the millions," have for decades been "of a size and extent difficult to comprehend," *see Richardson v. Perales,* 402 U.S. 389, 399 (1971), but given Mr. Powell's repeated and energetic efforts to provide the Appeals Council with the information it needed to promptly evaluate the ALJ's decision on its merits, its over four-year delay in rendering a decision is lamentable. That being said, the magistrate judge concludes that Mr. Powell has not met his burden of establishing that the Appeal's Council's actions were improper, and therefore recommends that the district court enter an order affirming the decision of the Commissioner of Social Security.

DATE:


cc: counsel of record

## **NOTICE**

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).