UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00521-H

DERRICK E. POWELL,                                                                                    PLAINTIFF

V.

MICHAEL J ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Derrick E. Powell, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied his application for disability insurance and supplemental security income benefits. The Court referred the matter to Magistrate Judge Moyer for findings of fact, conclusions of law and a recommendation. In Magistrate Judge Moyer's Findings of Fact, Conclusions of Law and Recommendation (the "Report"), he recommends that the District Court affirm the decision of the Commissioner of Social Security. Powell timely objected to the Report, to which the Commissioner responded. Upon review of the Report, parties' filings and administrative record, and for the reasons that follow, the Court adopts the Report and affirms the decision of the Commissioner of Social Security.

I.

In May 2005, Powell filed an application for disability insurance and supplemental income benefits. His application was denied upon initial review and upon reconsideration. Powell then filed a timely request for a hearing before an administrative law judge ("ALJ"). His request was

granted and the ALJ conducted a hearing in December 2006. On March 6, 2007, the ALJ issued an unfavorable decision.

Powell sought review by the Appeals Council on March 26, 2007. After a two year delay, on August 19, 2010, the Appeals Council issued an order vacating the ALJ's March 6, 2007 decision and remanding the case to the ALJ for a *de novo* hearing. The Appeals Council took this action stating that "the claims file in this case could not be located and the Council did not have a complete record to review." After notice of the remand, the ALJ sent Powell for a consultative evaluation, which was performed in January 2011. A hearing before the ALJ was not immediately scheduled, and in the interim, the Appeals Council found Powell's original claims file. In March 2011, the Appeals Council vacated its 2010 remand order and reinstated Powell's 2007 request for administrative review. Despite vigorous opposition from Powell, on July 20, 2011, the Administrative Council affirmed the decision of the ALJ and denied Powell's request for review.

II.

The sole issue before the Court is whether the Appeals Council improperly vacated its 2010 remand order. Powell argues that the Appeals Council ceded jurisdiction to the ALJ in its 2010 remand order. As such, Powell contends that the Appeals Council lacked jurisdiction to later vacate its own remand order, particularly given that the ALJ exercised jurisdiction over his claim by ordering a consultative medical examination. In sum, Powell argues that the Appeals Council no longer had jurisdiction to review its earlier decision and the case should have been left with the ALJ for further proceedings.

Magistrate Judge Moyer was unable to find any clear statutory law, case law, policy statement or documented procedure that was directly on point to resolve the unusual facts presented

2

in this case. However, Magistrate Judge Moyer concluded that the Appeals Council retained the necessary jurisdiction to act as it did in Powell's case. He reasoned that Powell did not meet his burden, with adequate legal and factual support, of establishing that the Appeal Council's actions were improper to warrant a remand of this matter.

Powell predominately relies on 20 C.F.R. § 404.981 for the proposition that a decision made by the Appeals Council is binding on all parties and, therefore, the 2010 decision to remand the case to the ALJ is binding on the Commissioner.[1] However, this regulation is inapplicable because the 2010 remand order was neither a denial of review nor a decision by the Appeals Council.

The Commissioner points to a legal principle that this Court finds compelling. In *Owens v. Astrue*, 2009 WL 4395726, *14 (M.D. Tenn. Dec. 2, 2009), the Court noted that an "order of remand is 'an internal agency matter which arises prior to the issuance of the agency's final decision.'" (quoting *Duda v. Sec'y of Health and Human Servs.*, 834 F.2d 554, 555 (6th Cir. 1987)). Though the facts in *Owens* are distinguishable than the case at bar, this legal principles reiterates the distinct organizational structure of the social security administration. It was not as if the Appeals Council remanded the case to a completely different court system, like say a federal court may do when presented with a state law case that have no federal jurisdiction hook. The Appeals Council remanded the case due to an administrative mistake that was ultimately resolved. When his administrative claim file was retrieved, his case could proceed as originally intended. The Court

---

[1] That regulation provides in full,
> The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.

20 C.F.R. § 404.981.

3

does not find that the Appeals Council's action unjustifiably prejudiced Powell in any significant way to warrant a remand of this matter.

The Court sympathizes with Powell regarding the cumbersome bureaucratic appeals and lengthy delays he has had to experience in this ordeal. It is an arduous and exhaustive process applying for social security benefits, and it certainly does not help when one's case file is inadvertently misplaced. However, Powell has failed to advance any compelling argument, with adequate legal and factual support, that the Report should not be adopted.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Recommendation of the Magistrate are ADOPTED. Plaintiff's motion to remand is DENIED and the Commissioner of Social Security's decision is AFFIRMED.

cc: Counsel of Record